21-2212-cv
Not Dead Yet v. Hochul

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty-two.

PRESENT:  DENNIS JACOBS,
　　　　　　RICHARD C. WESLEY,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges*.
-----------------------------------------------------------------

NOT DEAD YET, NMD UNITED, DISABILITY RIGHTS NEW YORK, MICHELLE BROSE, MIKE VOLKMAN, JESSICA TAMBOR, PERI FINKELSTEIN, individually and on behalf of a class of all others similarly situated,

　　　　　*Plaintiffs-Appellants*,

　　v.　　　　　　　　　　　　　　　　　　No. 21-2212-cv

KATHY HOCHUL, GOVERNOR OF THE STATE

OF NEW YORK, IN HER OFFICIAL CAPACITY,
HOWARD A. ZUCKER, COMMISSIONER OF
THE NEW YORK STATE DEPARTMENT OF
HEALTH, IN HIS OFFICIAL CAPACITY,

*Defendants-Appellees.*

-----------------------------------------------------------------

| FOR PLAINTIFFS-APPELLANTS: | JESSICA L. RICHWALDER, Disability Rights New York, Rochester, New York (Britney R. Wilson, New York Law School Legal Services, Inc., New York, NY, *on the brief*) |
| --- | --- |
| FOR DEFENDANTS-APPELLEES: | CLELAND B. WELTON II, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, Grace X. Zhou, Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY |
| FOR AMICUS CURIAE NATIONAL DISABILITY RIGHTS NETWORK: | Bridget A. Clarke, Andrew J. Dhuey, National Disability Rights Network, Berkeley, CA |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

2

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, J.) dismissing their claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Plaintiffs-Appellants challenge New York's Ventilator Allocation Guidelines ("Guidelines"), which address how to "ethically allocate limited resources (i.e., ventilators) during a severe influenza pandemic while saving the most lives." App'x 57. They allege that the Guidelines, which in some circumstances contemplate the reallocation of ventilators from chronic ventilator users to other patients, violate Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116. Defendants-Appellees moved to dismiss on the grounds that Plaintiffs-Appellants lacked standing, and in the alternative that their claims were unripe, barred by the

statute of limitations, and moot.   The District Court granted the motion to dismiss, finding in part that Plaintiffs-Appellants lacked standing to bring their claims.   We agree.

To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."   TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021).   Here, Plaintiffs-Appellants have not alleged a sufficiently concrete, actual, and imminent injury.   The challenged Guidelines are by their terms "voluntary and non-binding."   App'x 261, 264, 283 n.116.   The New York State Department of Health did not "issu[e] them as binding regulations for hospitals" or "request[] that they be drafted as new legislation."   App'x 265.   The Department refrained from doing so because "these clinical ventilator allocation protocols remain untested in an actual disaster emergency" and therefore must be "designed with flexibility to adjust to changing clinical information" and facilitate "timely revisions to the ventilator allocation protocol contained in the Guidelines."   App'x 265.   Moreover, in the letter preceding the substantive provisions of the Guidelines, the New York State Commissioner of Health

4

stresses that the Guidelines "are by no means final" and expresses the "hope that these Guidelines will never need to be implemented." App'x 57.

We are of course sensitive to the concern that people who rely on ventilators for their survival should not be discriminated against by any emergency preparedness plan. But Plaintiffs-Appellants have alleged only "possible future injury" rather than any "certainly impending" injury. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (cleaned up). The possibility that the Guidelines may be adopted and implemented in the future in a way that later harms Plaintiffs-Appellants does not satisfy Article III's requirement of a certainly impending, concrete injury. See ACLU v. Clapper, 785 F.3d 787, 801 (2d Cir. 2015).

Because Plaintiffs-Appellants lack standing to bring all of their claims, we do not address their remaining arguments. As the State acknowledges, however, this does not mean that Plaintiffs-Appellants "could never sue to challenge an allegedly discriminatory emergency plan. Plaintiffs simply must wait until there is a concrete basis to allege that such a plan may actually be

implemented." Appellees' Br. at 3.

For the foregoing reasons, the judgment of the District Court is

AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
